IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchandise marked "A" and initialed JZ (Initials) by Commodity Specialist Joseph Zeikel (Commodity Specialist's Name) on the invoices accompanying the entry the subject of the instant protest, which was assessed for duty at the rate of 30 per centum ad valorem under the provisions of Item 732.36, TSUS, as parts of bicycles, and which is claimed properly dutiable at the rate of 19 per centum ad valorem under the provisions of Item 653.40, consists of articles describable, pursuant to General Interpretative Rule 10(e)(i) as illuminating articles of base metal for other than indoor illumination and other than incandescent lamps designed to be operated by propane or other gas, or by compressed air and kerosene or gasoline.

IT IS FURTHER STIPULATED AND AGREED that the instant protest is submitted for decision upon this stipulation, the same being limited to the merchandise and the issue described hereinabove and abandoned in all other respects.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed J.Z. by Commodity Specialist Joseph Zeikel on the invoices accompanying the entry herein properly dutiable under item 653.40 of the Tariff Schedules of the United States at the rate of 19 per centum ad valorem as "other" illuminating articles of base metal, as claimed.

To the extent indicated, the protest is sustained. In all other respects and as to all other claims, the protest is overruled.

Judgment will issue accordingly.

(C.D. 3355)

LEP TRANSPORT, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 12, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

MALETZ, Judge: This protest has been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the articles marked "A" and initialed E.S. (Import Specialist's Initials) by Import Specialist E. Solomon (Import Specialist's Name) on the invoice covered by the subject protest and entry, and assessed with duty at the date of 35% ad valorem plus $2.25 each under Item 712.25, TSUS, consists of tachometers.

2. That said protest was filed under Sec. 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protest was pending for decision by this Court on June 29, 1967, the effective date of Public Law 89–241, 89th Congress, approved October 7, 1965, as amended and extended by Public Law 90–36, 90th Congress, approved June 29, 1967.

3. That before August 30, 1967, a request was filed with the Regional Commissioner of Customs at New York, the port of entry, for reliquidation and assessment of said merchandise at 10% ad valorem under Item 711.98, by virtue of Sec. 36(k) of said Public Law 89–241.

IT IS FURTHER STIPULATED AND AGREED that the subject protest be submitted on this stipulation, the same being limited to the articles marked "A" as aforesaid.

This stipulated statement of the facts is sufficient to remove the present merchandise from the classification given by the regional commissioner of customs and to establish the proper classification, as claimed by the plaintiff, to be under item 711.98 of the Tariff Schedules of the United States, as tachometers, at a rate of duty equal to 10 percent ad valorem.

To the extent indicated the protest is sustained and judgment will be rendered accordingly.